IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 1:16cr00259-WS

FRANK PETER SALAMONE

**BRIEF IN SUPPORT OF MOTION TO DISMISS / QUASH THE INDICTMENT**

**Lack of Jurisdiction**

     Throughout the initial appearance, detention hearings, and arraignment in this cause the government continues to use the words "the defendant admitted" and "the evidence shows". This is extremely inaccurate and misleading to the court. What was shown during the prior proceedings as well as produced in discovery was testimony by Special Agent Randall Hoffman that he spoke to Postal Inspector Robert Gechijian who alleges he was given information over the telephone by the Defendants. None of this information has been verified. No recordings have been produced. The only part of any activity that took place in Alabama was that Inspector Gechijian requested that a Mississippi post office send a damaged and opened package to him in Mobile from Mississippi.

     Inspector Gechijian then made phone calls from an Alabama phone number but on at least two occasions told myself verbally during these phone calls that he was actually in Mississippi while making these phone calls. My clients and I offered to meet with Inspector Gechijian in Mississippi and he stated he would need to return to Alabama and ultimately refused to arrange a meeting.

The government is alleging that the Defendants conspired and aided and abetted to import and possess with intent to distribute Ritalin. First of all, it is not illegal to import Ritalin for valid medical use. Secondly, no Defendant is alleged to have taken any affirmative action towards any alleged conspiracy anywhere in the Southern District of Alabama. The government wants the court to believe that since they are calling this an "importation case" that any border the alleged package crossed can have jurisdiction. This simply is not the law. In addition, it is the Defendant's position that the government cannot call a Mississippi Post Office and request a package be sent to Southern Alabama and then allege Southern Alabama has jurisdiction because the government had the package sent to Alabama.

The case of *U.S. v. Morgan*, 393 F.3d 192 (Cir. 2004) is analogous to this case, is directly on point and clearly holds that the government cannot prosecute and allege jurisdiction for a case based on where an item is found during transit. The *Morgan* case involved a conspiracy in which several actors allegedly conspired to receive stolen property and items traveled by interstate commerce through Washington D.C.. The government attempted to establish jurisdiction in the District of Columbia where a package traveled through but where no actor in the alleged conspiracy took any affirmative action which is exactly what the government is attempting to do in the instant case. In *Morgan*, the Court found that all of the appellant's conduct constituting his alleged commission of the offense occurred in Maryland. The court in *Morgan* discussed how the provisions for trial in the vicinity of the crime are a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place. The court discussed at length continuing offenses under 18 U.S.C. § 3237 (a) and concluded that this statute could not be used to broaden venue to any offense that involved any object moved through commerce or mail matter. The statute should only apply to offenses in which commerce or mail matter were an

element. The *Morgan* Court held that the "constitutional concern for trial in the vicinage controls. The Government's position urging otherwise is entirely untenable."

The Sixth Amendment calls for a trial to be held in the district wherein a crime has been committed. FED. R. CRIM. P. 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."

The case of *Armour Packing Company v. U.S.*, 209 U.S. 56, 28 S. Ct. 428, 52 L. Ed. 681 (1908) discusses the appropriateness of venue being where a crime is committed, being at the beginning or completion of an act. It discusses transportation and in the *Armour* case a specific statute allowed for continuing jurisdiction during interstate commerce. The case clearly states that continuing jurisdiction was allowed only because the particular statute called for continuing jurisdiction in certain very specific circumstances. Such is not the case here. We have no relevant statute in the instant matter that alters any traditional jurisdictional or venue rules. There are no set of facts in this case that establish jurisdiction in the Southern District of Alabama.

### **Incorrect Schedule and Statutes Cited**

The indictment in this case incorrectly alleges that Methylphenidate Hydrochloride (Ritalin) is a Schedule II controlled substance. Pursuant to the most recent update of 21 U.S. Code § 812 (c) Methylphenidate is found under Schedule III (a) (4). This error is present in all four counts of the indictment.

Counts 2 and 4 of the indictment allege violations of 21 U.S. Code § 952 "and 2(a)". Because Methylphenidate Hydrochloride (Ritalin) is not a Schedule I or II controlled substance

or a narcotic drug in schedule III, IV or V, 21 U.S. Code § 952 is not applicable to any facts alleged in this matter. There is not a 21 U.S. Code § 952 subsection 2(a) so it is not clear what count four of the indictment is attempting to refer to.

### No Facts Support Importation

Because 21 U.S. Code § 952 is not applicable to any facts alleged in this matter, there is no illegal importation. That being said, the only evidence the government has that the medication came from Mexico are voluntary statements allegedly made by telephone by the defendants that were not recorded and wherein the defendants were not adequately identified. Methylphenidate is found under Schedule III (a) (4) and as such, pursuant to 21 U.S. Code § 952, it can be imported for medical use. Defendant Erwin has in the past had valid prescriptions for and has in the past obtained medication in Mexico.

### No Evidence Supports Criminal Activity

All four counts allege "conspiracy" or "aiding and abetting" to commit crimes which by their very definition require two or more parties or actors to commit. Above explains why 21 U.S. Code § 952 does not apply to the instant case. The other two Counts, for which there is still no jurisdiction, allege conspiracy and aiding and abetting possession with intent to distribute. There is no evidence whatsoever to support that anyone at all possessed the pills referenced other than Inspector Gechijian. The package allegedly arrived at a Mississippi Post Office damaged and opened so there is no way for the Defendants to know or the government to prove what was in the package when it left Arizona. There is no proof whatsoever that any Defendant ever possessed the package.

An indictment must give Defendants notice of the nature and cause of the accusation and also notice of the place where the alleged offense was to have occurred. Proper venue is not charged in this indictment. No specific location is alleged. There is no evidence whatsoever of any actions or crimes taken place in the Southern District of Alabama.

For these reasons, this indictment should be quashed immediately and the Defendant released.

Respectfully submitted this the 20th, day of January, 2017.

/S/ Cynthia D. Burney
Cynthia D. Burney
P.O. Box 3387
Bay St. Louis, MS 39521
228.222.1088
877.386.6072 fax

## CERTIFICATE OF SERVICE

I, Cynthia D. Burney, do hereby certify that I have this day forwarded, via electronic filing with the clerk using the ECF System, a true and correct copy of the above and foregoing to the following:

Lawrence J. Bullard,
AUSA
63 S. Royal Street,
Suite 600
Mobile, AL 36602

SO CERTIFIED, this the 20th day of January, 2017.

/S/ Cynthia D. Burney
Cynthia D. Burney
P.O. Box 3387
Bay St. Louis, MS 39521
228.222.1088
877.386.6072 fax