## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. 16-000259-WS |
| | * | |
| v. | * | |
| | * | |
| FRANK PETER SALAMONE | * | |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION TO DISSOLVE ORDER OF DETENTION PENDING TRIAL AND FOR HEARING DE NOVO**

COMES NOW the United States of America, by and through its attorney, Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and responds as follows to the motion to dissolve the order of detention pending trial filed by defendant (Doc. 10) dated January 17, 2017:

Pursuant to 18 U.S.C. §3142(3)(A), subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46. 18 U.S.C. §3142(3)(A).

In the case at bar, the defendant has been charged in a four count indictment with violations of 21 U.S.C. § 846, Conspiracy to Distribute Methylphenidate Hydrochloride (Ritalin), 21 USC § 846, Conspiracy to Import Methylphenidate Hydrochloride (Ritalin), 21 USC § 846, Conspiracy to Import Methylphenidate Hydrochloride (Ritalin), and 21 USC § 952, Importation of Controlled Substance.  Accordingly, the Drug Enforcement Administration states that Methylphenidate

Hydrochloride (Ritalin) is a Schedule II substance under the Controlled Substance Act. *See Government Attachment 1*[1] Also, Methylphenidate Hydrochloride (Ritalin) status as a Schedule II controlled substance carries a penalty of twenty years.

Moreover, on January 13, 2017, the Honorable Judge Robert H. Walker, U.S.M.J. ordered that the defendant be detained after taking testimony during a lengthy detention hearing. *See Government Attachment 2*[2] The Court concluded that the defendant had not introduced sufficient evidence to rebut the presumption. Doc. 8.   The Court's order of detention sets forth the reasons for the detention. Doc.8.   The reasons for the detention included the following: the weight of evidence against the defendant is strong, subject to lengthy period of incarceration, and history of alcohol or substance abuse. Doc.8.   The Court further explained that the defendant is a Customs and Border Protection Officer who admitted what he was doing was illegal, and he initially gave false statements to the Postal Inspector when questioned.   Additionally, the Court stated that the defendant tested positive for the use of methamphetamines and barbiturates.   It is the position of the United States that Court provided sound reasoning in making its decision to detain the defendant.

Here, the defendant raises arguments that were previously litigated and decided before the Court during the detention hearing.   The defendant argues that the indictment should be invalidated because Methylphenidate Hydrochloride (Ritalin) is a Schedule III, and not a Schedule II controlled substance.   The defendant is not correct.   First, the Drug Enforcement Administration Scheduling actions chronological orders list makes it evident that Methylphenidate Hydrochloride (Ritalin) was changed to a schedule II controlled substance on October 28, 1971.

---

1 Government Attachment 1 is the Drug Enforcement Administration Office of Diversion Control Drug & Chemical Evaluation Section dated May 2013.
2 Government Attachment 2 is a CD recording of the Detention Hearing held on January 13, 2017.

*See Government Attachment 3.*[3]   The crimes alleged in the indictment occurred in September and October of 2015.  In essence, Methylphenidate Hydrochloride (Ritalin) has been a schedule II controlled substance for over forty-four years and well within the time period of the crimes alleged in the indictment.

Second, the defendant states that there is no jurisdiction in the Southern District of Alabama.  The defendant's argument is inappropriate.  Accordingly, 18 U.S.C. 3237(a) states pertinent part that except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.  Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves. 18 U.S.C. 3237(a).

Furthermore, count 1 of the indictment in this case charged the defendant with conspiracy. "In a conspiracy case, venue is proper in any district where an overt act was committed in furtherance of the conspiracy." *United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) (citing Hyde v. United States, 225 U.S. 347, 363 (1912); *United States v. Long*, 866 F.2d 402, 407 (11th Cir. 1989)); *United States v. Bradley*, 644 F.3d 1213, 1254 (11th Cir. 2011).  Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." *United States v. Thomas,* 8 F.3d 1552, 1560 n. 21 (11th Cir.1993).

---

[3] Government Attachment 3 is the Drug Enforcement Administration Scheduling actions chronological orders list dated December 1, 2016.

Consequently, the overt act need not be committed by a defendant in the case; the acts of accomplices and unindicted co-conspirators can also expose the defendant to jurisdiction. *United States v. Matthews*, 168 F.3d 1234, 1246 (11th Cir. 1999).

Additionally, a defendant who is charged as a conspirator is vicariously responsible for the acts of any co-conspirator taken in furtherance of the conspiracy as well as foreseeable consequences thereof. *United States v. Bradley*, *supra*, 644 F.3d at 1254–55; *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946); *United States v. Silvestri*, 409 F.3d 1311, 1335 (11th Cir. 2005). It has also been established in the court that where an out-of-district defendant aided or abetted a principal who commits a substantive crime in the district of prosecution, venue lies in the district of prosecution as to both the aider and abetter and the principal. *United States v. Long*, *supra*, 866 F.2d at 406–07. Finally, offenses begun in one district and completed in another, or committed in more than one district, may be prosecuted in any district in which such offense was begun, continued, or completed. 18 U.S.C. § 3237(a); *United States v. McCulley*, 673 F.2d 346, 350 (11th Cir. 1982); *United States v. Schlei*, 122 F.3d 944, 975 (11th Cir. 1997). The place where the conspiracy was formed is immaterial if at least one of the overt acts alleged and proved took place within the district where the defendant is tried. *Crosby v. United States* 231 F.2d 679, 680 (5th Cir. 1956). It is not essential that the defendant ever enter the state or district of trial. *Davis v. United States* 148 F.2d 203, 204 (5th Cir. 1945); *United States ex rel. Kranz v. Humphrey*, 174 F.2d 741, 742 (3rd Cir. 1949); *Downing v. United States*, 348 F.2d 594, 598 (5th Cir. 1965).

In the case sub judice, the defendants utilized the United States mail to aid and assist in their conspiracy to illegally transport the Methylphenidate Hydrochloride (Ritalin) from Mexico to Mississippi. Before reaching Mississippi, the contraband went through the United States Post Office in Mobile, Alabama, and thereby providing sufficient jurisdiction for the crime to

prosecuted in the Southern District of Alabama. 18 U.S.C. 3237(a).  Thus, the decision of the Court should not be disturbed and the defendant's request should be summarily denied.

WHEREFORE, based upon all the above, the United States respectfully submits that the defendant's motion is due to be denied.

> Respectfully submitted,
>
> KENYEN R. BROWN
> UNITED STATES ATTORNEY
> by:*/s/ Lawrence J. Bullard (BULLL5160)*
> AUSA Lawrence J Bullard
> Assistant United States Attorney
> United States Attorney's Office
> 63 South Royal Street, Suite 600
> Mobile, Alabama     36602
> Telephone: (251) 441-5845

### CERTIFICATE OF SERVICE

I hereby certify that, on January 24, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for defendant, and the United States Probation Office.

> */s/Lawrence J. Bullard*
> Lawrence J. Bullard
> Assistant United States Attorney