IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 16-0259-WS |
| ) | |
| FRANK PETER SALAMONE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant Frank Peter Salamone's eight-part Motion to Suppress and Exclude Evidence (doc. 32). The Motion has been briefed and is now ripe for disposition. Each of the eight issues raised in Salamone's Motion will be addressed in turn.

First, Salamone complains that the Government has engaged in "late discovery disclosures" that are "prejudicial to the Defendant and his ability to properly prepare his defense." (Doc. 32, at ¶ 1.) The Court observes that Salamone filed a separate Motion for Discovery and Production (doc. 31) contemporaneously with his Motion to Suppress and Exclude. The Court further observes that Magistrate Judge Nelson entered an endorsed Order (doc. 60) deeming that Motion for Discovery and Production to be moot based on the Government's discovery responses. As for defendant's objection that he has been prejudiced by "late" discovery disclosures, this matter is not set for jury selection until April 3, 2017. Defendant has made no showing that the Government's disclosures were so delayed and so voluminous that his ability to prepare for April 2017 trial date has been compromised. To the extent, then, that Salamone is requesting unspecified relief in his Motion to Suppress and Exclude on a tardy discovery theory, that Motion is **denied**.

Second, Salamone objects to the Government's evidence that its agents "allege to have spoken to the Defendants via telephone without any recordings or proper authentication." (Doc. 32, ¶ 2.) The Court cannot discern on these filings what that evidence is, how (if at all) the Government intends to use it at trial, and what (if any) foundation may exist to support its admissibility. Rather than slogging through those issues in pretrial motion practice as an abstract

proposition and without the benefit of any factual or evidentiary context, the better plan is to take up these matters as they arise during trial, if and when Salamone's counsel objects to the admissibility of such testimony. Defendant's request for relief on that basis at this time is **denied**, subject to his right to renew the objection at trial.[1]

Third, Salamone seeks exclusion of "hearsay testimony of what [his] Co-Defendant Spouse is alleged to have said by telephone," on the grounds that such testimony would either prevent him from defending himself or force him to relinquish spousal immunity. (Doc. 32, ¶ 3.) The Government responds that the incriminating statement at issue was made by Salamone's wife (apparently co-defendant Heather Turner Erwin) to law enforcement regarding Erwin's own conduct. In the Government's view, Erwin's statement incriminating herself implicates neither the marital confidential communications privilege nor the spousal testimonial privilege. The former "bars one spouse from testifying as to the confidential marital communications of the other." *United States v. Entrekin*, 624 F.2d 597, 598 (5th Cir. 1980). The latter "bars one spouse from testifying adversely to the other." *Id.* On defendant's fragmentary showing, the undersigned does not perceive how the objected-to evidence implicates either privilege. Evidence that Erwin made an incriminating statement to law enforcement regarding her own conduct would not appear to involve either Erwin testifying about confidential marital communications or Erwin testifying adversely to Salamone. The scenario suggested by Salamone is that he may wish to call Erwin to deny having made the self-incriminating statement to law enforcement. But that testimony by Erwin would not appear to implicate either privilege.

---

[1] Salamone protests that reserving this and other evidentiary matters raised in his Motion for trial is unfair because "[i]f the United States can not provide any further proof at this stage than all of this hearsay evidence and speculation then the Defendants should not be held in detention or under the conditions of pretrial release and forced to defend themselves." (Doc. 46, at ¶ 3.) As the Court has explained to Salamone in previous rulings in this case, however, any attempt to challenge the sufficiency of the evidence before trial is improper and impermissible in this Circuit. *See, e.g., United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence."). To the extent, then, that defendant claims that he will be prejudiced if any of these matters are reserved for trial because he should not be "forced to defend himself" if the Government's evidence is deemed inadmissible, that argument fails as a matter of law. Regardless of the outcome of this Motion to Suppress and Exclude Evidence, the Indictment remains pending and this case remains set for trial in the April 2017 criminal term.

On this showing, defendant's Motion to Suppress or Exclude Evidence on grounds of marital privilege is **denied**, with leave to renew at trial with appropriate elaboration.[2]

Fourth, Salamone objects to the Government's evidence "that documents certain phone numbers called each other." (Doc. 32, at ¶ 4.) Salamone indulges certain assumptions as to how he believes the Government intends to use that evidence and, based on those assumptions, argues for exclusion of that evidence "as it offers no proof of who actually made any telephone call and would be misleading to a jury." (*Id.*) At this stage, and without the evidentiary context, the Court cannot evaluate this argument or even reach any conclusions as to the validity of defendant's assumptions. If Salamone seeks to exclude the Government's evidence showing that telephone calls between certain numbers were made, then the time to raise that objection is at trial, when the Court can evaluate foundation, context and purpose of the evidence to a much greater degree than it can on such an attenuated set of briefs. Accordingly, this objection is **overruled**, with leave to renew at trial if appropriate.

Fifth, Salamone seeks exclusion of "testimony and/or physical evidence of a package that was damaged and opened during transit." (Doc. 32, at ¶ 5.) Defendant reasons that this evidence should be excluded because "there is no evidence of a connection to Defendant Salamone." (*Id.*) As with several other issues presented in the Motion to Suppress, the appropriate time to raise

---

[2] In his Reply, Salamone suggests that the real issue here is that Erwin has the privilege to refuse to testify adversely against her husband. It is true, of course, that as to the "adverse spousal testimonial privilege" (*i.e.*, the privilege that bars one spouse from testifying adversely about the other), the privilege "can be asserted only by the witness-spouse." *United States v. Singleton*, 260 F.3d 1295, 1297 n.2 (11th Cir. 2001). Counsel says, "This is exactly the point of my argument." (Doc. 46, ¶ 2.) However, the Court still perceives no marital-privilege problem here, of constitutional dimensions or otherwise. It is unclear why Salamone would want or need to call Erwin to rebut the Government's evidence that Erwin made self-incriminating statements to a law enforcement officer; after all, if Erwin's statements did not incriminate Salamone (and no one has suggested that they do), then Salamone would not appear to benefit in any way from calling Erwin to rebut those statements. Likewise, even if Salamone were to call Erwin and even if Erwin were to invoke the adverse spousal testimonial privilege, then (i) the privilege would not attach because Erwin would not be testifying adversely about Salamone, and (ii) even if the privilege did attach, Salamone's defense would not be impaired or impeded in any way because the testimony for which he seeks to use Erwin as a rebuttal witness relates only to Erwin's conduct not to Salamone's. On this showing, the Court perceives no privilege-related dilemma with the Government's evidence that Erwin gave a statement to law enforcement in which she incriminated herself.

this objection is at trial, at which time the Court will be much better positioned to assess whether the proposed evidence comports with Rule 402 and whether the Government has laid the requisite foundation for admissibility of such evidence. The objection is **denied** at this time, with leave to renew at trial if appropriate.

Sixth, Salamone requests the exclusion of the Government's "evidence that numerous mail parcels were sent between Defendants" (doc. 32, at ¶ 6), on the grounds that the Government has no proof that any such parcels contained "illegal items." At this point, on this record, the Court cannot discern with any degree of certainty the purposes for which the Government might seek to introduce such evidence, whether that evidence is probative of defendants' guilt or innocence for the offenses charged in the Indictment, or whether such probative value may be substantially outweighed by a risk of unfair prejudice to defendants. The Motion to Suppress and Exclude is **denied** on this point; however, Salamone may renew his objection to this evidence at trial as appropriate.

Seventh, Salamone argues that all of the "testimonial, documentary and tangible evidence" described earlier in his Motion to Suppress and Exclude runs afoul of "Rules 401 and 402 of the Mississippi Rules of Evidence." (Doc. 32, at ¶ 7.) Of course, the Federal Rules of Evidence, rather than any state rules, govern here. *See, e.g., United States v. Clenney*, 631 F.3d 658, 669 (4th Cir. 2011) ("[I]n a federal criminal prosecution, federal standards govern the admissibility of evidence.") (citations omitted); *United States v. Govea-Vazquez*, 962 F. Supp.2d 1325, 1329 (N.D. Ga. 2013) ("in a federal criminal case, federal law typically governs the admissibility of evidence"). More broadly, this objection is simply a summation and restatement of the relevancy objections set forth elsewhere in the Motion to Suppress and Exclude; therefore, it is **denied** as redundant.

Eighth and finally, Salamone makes a sweeping, conclusory request that "this Court exclude any reference to statements made in or out of Court by any the defendant or any co-defendant." (Doc. 32, at ¶ 8.) Typically, such objections are presented in the form of focused motions to suppress identifying the particular statements at issue and delineating specific legal and factual grounds why the movant maintains that the exclusionary rule requires suppression of the subject statements. Here, by contrast, Salamone merely offers a generic objection to the admissibility of all statements made by him or his co-defendants. In response, the Government indicates that the statements given by Salamone and his co-defendants at various times were

voluntary and non-custodial.  In his Reply, Salamone pivots, modifying his objections to assert that "[t]he United States cannot prove who made any telephonic admissions," that Salamone felt "intimidated" upon being questioned by Homeland Security Officers at his place of business and felt he would "face the possibility of losing his job" if he did not answer questions,[3] and that officers "deliberately kept the Defendants' attorney shielded from the Defendants" while investigators searched their home and asked them questions post-arrest.  (Doc. 46, at ¶¶ 5-7.)  Given the vague and "moving-target" nature of Salamone's objections in this respect, the Court finds that they may be more efficiently addressed in context as they arise during trial.  Even after reviewing both Salamone's Motion and his Reply, the undersigned is unable to determine precisely which statements Salamone is objecting to, much less the specific legal and factual grounds for such objections.  Under the circumstances, this aspect of the Motion to Suppress and Exclude is **denied**, without prejudice to defendant's ability to renew such motion at trial upon a proper, specific legal and factual showing that pinpoints exactly what statements he is objecting to and exactly what the legal and factual grounds for those objections are.

For all of the foregoing reasons, defendant Salamone's Motion to Suppress and Exclude Evidence (doc. 32) is **denied**.

DONE and ORDERED this 2nd day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3]  The fact that an interview occurs in a suspect's place of employment, without more, does not create the sort of coercive environment creating a custodial interrogation.  *See, e.g.*, *United States v. Muegge*, 225 F.3d 1267, 1270 (11th Cir. 2000) ("The trial judge erroneously gave undue weight to the fact that Muegge's supervisor ordered him to report for the interview.  Muegge's supervisor did instruct him to report to the OSI detachment, but such an order, absent other coercive elements, did not constitute the type of restraint on Muegge's freedom associated with a formal arrest."); *United States v. Dudley*, 2011 WL 1100607, *5 (N.D. Ga. Feb. 3, 2011) ("Dudley cites nothing coercive about the circumstances surrounding the first interview of February 28, 2008, except for the fact that he feared he would lose his job if he did not cooperate with the DCFD investigators.  However, this is insufficient to create a custodial interrogation requiring that *Miranda* warnings be given.").