IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CRIMINAL NO. 16-0259-WS |
| | ) |
| FRANK PETER SALAMONE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Frank Peter Salamone's Motion to Dismiss / Quash the Superseding Indictment (doc. 76).

On January 20, 2017, Salamone filed an 11-part Motion to Dismiss / Quash the Indictment (doc. 26). After full briefing by the parties, the undersigned entered a 7-page Order (doc. 63) on February 24, 2017, denying the Motion in its entirety. In the interim, however, the grand jury handed down a Superseding Indictment (doc. 64) in this case. Side-by-side comparison confirms that the Superseding Indictment is largely identical to its predecessor in all respects, except as follows: (i) the word "both" was added before the phrase "known and unknown to the Grand Jury" in Counts One and Two; (ii) the statute defendants are charged with violating in Count II was changed from 21 U.S.C. § 846 in the original Indictment to 21 U.S.C. § 963 (attempt and conspiracy) in the Superseding Indictment; (iii) the date of Count Four was changed from "[o]n or about October 14, 2015" in the original Indictment to "[b]eginning on or about September 1, 2015 continuing through on or about the date of the return of this indictment" in the Superseding Indictment; and (iv) the word "by" was deleted before the phrase "other persons" in Count Four. (*Compare* doc. 1 to doc. 64.)

Notwithstanding the modest, technical nature of the revisions in the Superseding Indictment and the fact that his previous Motion to Dismiss / Quash has already been adjudicated in full, Salamone now comes forward with a 12-part Motion to Dismiss / Quash the Superseding Indictment. In large part, this new Motion to Dismiss / Quash merely renews and rehashes the jurisdictional arguments already considered and rejected by this Court on pages 3 through 6 of the February 24 Order. The Court has found that jurisdiction properly lies in the Southern

District of Alabama, and it would serve no constructive purpose to reiterate those determinations here. Nothing in Salamone's second Motion to Dismiss / Quash alters the Court's reasoning, analysis or conclusions as to jurisdiction and venue.[1]

Salamone raises a new argument that "[t]he superseding indictment is vague and non-specific in language, details, locations and persons described and lacks details or elements of the offenses alleged." (Doc. 76, ¶ 2.) Defendant cites no authority for the proposition that the

---

[1] That said, it may be helpful to clarify several points raised in defendant's latest Motion. First, Salamone repeatedly insists that "[t]he crimes charged are 'conspiracy' and 'aiding and abetting'" and that "the defendants are not charged with 'importation'" in the Superseding Indictment. (Doc. 76, ¶¶ 3, 6, 7.) These statements are misleading, at best. Count Two charges Salamone and his co-defendants with a conspiracy "to intentionally and knowingly import into the United States" a Schedule II controlled substance, namely, Ritalin. (Doc. 64, at 2.) Thus, Count Two charges a conspiracy to violate 21 U.S.C. § 952, and is plainly an importation offense within the scope of 18 U.S.C. § 3237(a). And Count Four charges defendants with "intentionally and knowingly import[ing] into the United States approximately 536 pills" of Ritalin (doc. 64, at 3), in violation of 21 U.S.C. § 952. Salamone's insistence that this is not an importation case and that he is not charged with importation is simply wrong. Next, Salamone asserts, with no citations to authority, that "[a]ny importation was complete once a defendant allegedly walked across the Mexican border into Arizona." (Doc. 76, ¶ 6.) This argument is perplexing because the Court understands the importation is alleged to have happened via use of the mails, not through a defendant walking across the Mexican border into Arizona. More fundamentally, as a matter of federal statute, the importation would not have been complete at that moment for jurisdictional purposes. *See* 18 U.S.C. § 3237(a) ("Any offense involving … the importation of an object or person into the United States ***is a continuing offense*** and … may be inquired of and prosecuted in ***any district from, through, or into which such … imported object or person moved***.") (emphasis added). Defendant's argument would erase the plain language of § 3237(a). Finally, Salamone posits that the Government bears the burden of proving venue for each count of the Superseding Indictment. This is a true statement. *See, e.g., United States v. De La Cruz Suarez*, 601 F.3d 1202, 1217 (11th Cir. 2010) ("For purposes of venue, the government must prove by a preponderance of the evidence that the crimes occurred within the district of trial."). So, yes, the Government must lay a foundation at trial establishing venue by a preponderance of the evidence that Counts One and Three (charging violations of § 846 and § 841, respectively, which the "continuing offense" provisions of § 3237(a) do not reach). But the Government does not have to do so now, via pre-trial motion practice. The Government has already stated its position that an "overt act" in furtherance of the conspiracy charged in Count One was performed in this judicial district. If the Government fails to present evidence of such an "overt act" at trial, then Salamone is free to seek dismissal of Count One for improper venue at the close of the Government's case. With regard to Count Three, it appears that the Government may argue that the defendants constructively possessed the Ritalin pills in this district, thereby giving rise to venue for § 841 purposes; however, that issue is also properly reserved for renewal at trial by defendant, if appropriate.

Superseding Indictment is due to be quashed or dismissed on that basis.  It is black-letter law that an indictment comports with all constitutional requirements of notice and due process so long as it "1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. McGarity*, 669 F.3d 1218, 1235 (11th Cir. 2012).  Under any reasonable reading, the Superseding Indictment accomplishes all of these objectives; therefore, Salamone's arguments that it "lacks details" do not warrant the indictment's dismissal.  After all, "the appropriate test … is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) (citation omitted); *see also United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) ("It is not necessary for an indictment … to allege in detail the factual proof that will be relied upon to support the charges.") (citation omitted).  The Court readily finds that the Superseding Indictment conforms to minimal constitutional standards; therefore, Salamone's objections in this regard are **overruled**.

Next, Salamone insists that the Superseding Indictment must be quashed because it makes reference to "violation of Title 21, United States Code, Section 841(a)(1) and 2(a)" in Count Three, and "violation of Title 21, United States Code, Section 952 and 2(a)" in Count Four. (Doc. 76, ¶¶ 9-10.)  Salamone balks that there is no subsection 2(a) to either § 841(a)(1) or § 952, "so it is not clear what … the indictment is attempting to refer to" and the indictment must therefore be quashed. (Doc. 76, ¶¶ 9-10.)  Contrary to defendant's argument, there is no great, unexplained mystery here.  Experience and common sense teach that the reference to "and 2(a)" means 18 U.S.C. § 2(a), which the Government routinely charges in indictments involving allegations of aiding and abetting (as Counts Three and Four of the Superseding Indictment expressly allege).[2]  It is obvious that the reference to "and 2(a)" is a mere scrivener's error in failing to list the Title 18 prefix.  Such a technical, inconsequential mistake in the drafting of the Superseding Indictment does not warrant the extreme remedy of quashing or dismissing it.  *See*

---

[2]    That section provides as follows: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."  18 U.S.C. § 2(a).

*generally United States v. Pena*, 684 F.3d 1137, 1147-48 (11th Cir. 2012) ("Practical, rather than technical, considerations govern the validity of an indictment.  Minor deficiencies that do not prejudice the defendant will not prompt this court to reverse a conviction.") (citation omitted).

Finally, Salamone argues that Count Four's description of Ritalin as "a Schedule II narcotic controlled substance" is inaccurate because it uses the word "narcotic."  Defendant offers neither facts nor law to support his conclusory assertion that "[t]his substance is not a narcotic."  (Doc. 76, ¶ 11.)  Even if Salamone were correct as to the classification of Ritalin, he makes no argument why the inclusion of the word "narcotic" matters one whit for the sufficiency of the Superseding Indictment to give him notice of the offense alleged in Count Four.  Describing Ritalin as a "narcotic" is, at most, a minor, technical defect that in no way bears on the legal sufficiency of the Superseding Indictment to comport with constitutional safeguards.

For all of these reasons, defendant's Motion to Dismiss / Quash the Superseding Indictment (doc. 76) is **denied**.

DONE and ORDERED this 10th day of March, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
